UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH HARDTKE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C17-5375-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Kenneth Hardtke appeals the ALJ's decision finding him not disabled. The ALJ found Mr. Hardtke was working at the time of the administrative hearing, but this work was not substantial gainful activity; mild cerebral palsy, gout, varicose veins, right hammertoe, obesity, lower extremity edema, cardiomegaly, ventricular hypertrophy, hypertension, and organic mental disorder are severe impairments; Mr. Hardtke has the residual functional capacity ("RFC") to perform less than the full range of light work subject to a number of postural, environmental, and mental or non-exertional limitations; Mr. Hardtke cannot perform his past relevant work; and Mr. Hardtke is not disabled because he can perform other jobs in the economy. Tr. 31-47.

Mr. Hardtke contends the ALJ misevaluated certain medical opinions, his testimony and the lay testimony and also harmfully erred at step-five. Dkt. 11 at 2. As discussed below, the

Court concludes the ALJ harmfully erred and **REVERESES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.     Medical Evidence**

Mr. Hardtke contends he ALJ misevaluated the opinions of examining doctors Gary Gaffield, D.O., and Michelle Langhofer, Ph.D. He also argues post-hearing medical evidence submitted to the Appeals Council mandates reversal and remand for further proceedings.

*1.     Dr. Gaffield*

Dr. Gaffield performed a physical examination of Mr. Hardtke in December 2011, and opined "he would benefit by having his feet elevated." Tr. 540-45. The ALJ gave significant weight to Dr. Gaffield's opinion, but did not find Mr. Hardtke required elevation of his feet on the grounds Dr. Gaffield did not state "elevation was a necessity." Tr. 41. Additionally, the ALJ noted Mr. Hardtke indicated "throughout the record and in his hearing testimony that as long as he wears his compression stockings and is not on his feet for long periods of time he does not experience swelling." Tr. 41.

Mr. Hardtke argues the ALJ's interpretation of Dr. Gaffield's opinion "fails to account for [his] need to elevate his feet while seated, in order to relieve swelling." Dkt. 11 at 4. However, Dr. Gaffield never opined Mr. Hardtke *needed* to elevate his feet. Rather the doctor opined Mr. Hardtke would *benefit* from elevating his feet. This distinction is critical because an ALJ need not account for a limitation stated in a medical opinion as a recommendation, rather than an imperative. *See Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)). Given the language Dr. Gaffield used, the Court cannot say it was unreasonable for the ALJ to

omit the "elevation" recommendation from Mr. Hardtke's RFC, on the grounds that elevation was not a required functional limitation.

### *2.     Dr. Langhofer*

Dr. Langhofer performed a psychological assessment of Mr. Hardtke in April 2014. Tr. 618-24. The doctor noted the psychological and cognitive test results were invalid due to suspicions that Mr. Hardtke was intoxicated, Tr.620-21, and that Mr. Hardtke might be malingering. Tr. 621. Dr. Langhofer concluded:

> the claimant is difficult to impossible to diagnose at this time because of grave concerns regarding participation and intoxication. There appears to be a concerning variability between the claimant's 12/2013 psychological evaluation, his aunt's SSI/SSA letter, and his present evaluation
>
> . . . .
>
> The claimant may have the disorders claimed for the present evaluation (intellectual delay, development disability, depression) further assessment with different measures with another psychologist may be appropriate. However, assessment for chemical dependency/abuse may also be most appropriate at this time. It is impossible that the claimant was on prescribed medications (that had some unknown impact on mental status) or experiencing some mental state beyond intoxication, further review by a medical doctor may speak to this.
>
> . . .
>
> For the present evaluation the patient reported some medical issues that should be evaluated by a medical doctor (mild cerebral palsy) as to relevance to cognition/intellect concerns.

Tr. 623. The ALJ rejected Dr. Langhofer's opinions stating if she believed Mr. Hardtke was intoxicated "the evaluation should not have gone forward"; the ALJ also indicated he believed Mr. Hardtke's testimony that he was not intoxicated during the evaluation. Tr. 42.

Mr. Hardtke contends the ALJ failed to provide valid reasons to reject Dr. Langhofer's opinion that he had "concentration, persistence, and (grave) pace problems." Tr. 620. The ALJ rejected all of Dr. Langhofer's opinions on the grounds that the doctor incorrectly believed Mr. Hardtke was intoxicated. Substantial evidence does not support this finding. Dr. Langhofer did not opine intoxication was the sole barrier to a valid evaluation. Rather as noted above, Dr. Langhofer opined there were multiple additional reasons why it was difficult to diagnose Mr. Hardtke such as Mr. Hardtke could be suffering from side-effects of prescription medications, experiencing some mental state beyond intoxication, or suffering consequences of cerebral palsy. Given these concerns, Dr. Langhofer recommended additional psychological, substance abuse, and medical evaluations to clarify Mr. Hardtke's condition and limitations. As Dr. Langhofer stated, Mr. Hardtke might in fact "have the disorders claimed for the present evaluation (intellectual delay, development disability, depression)," that require further assessment. The Court accordingly concludes that the ALJ erred in rejecting Dr. Langhofer's opinion.

The Court further concludes the error is harmful. The ALJ "has an independent 'duty to fully and fairly develop the record.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quotation omitted). This duty "duty exists even when the claimant is represented by counsel." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam) (citing *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)). This duty is "especially important when plaintiff suffers from a mental impairment." *Delorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991)). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan*, supra, 242 F.3d at 1150.

Here the record is both ambiguous and inadequate to make a valid disability determination. Dr. Langhofer specifically indicated she could not diagnose Mr. Hardtke for several reasons, and that further evaluation was required since she believed Mr. Hardtke may suffer from the disorders he claimed. The severity of Mr. Hardkte's mental limitations is unknown because instead of further developing the record, the ALJ rejected Dr. Langhofer's opinions. On remand, the ALJ shall further develop the evidence regarding Mr. Langhofer's mental or psychological limitations, including the impact cerebral palsy has on his cognitive functioning.

### 3. *Evidence Presented to the Appeals Council*

Mr. Hardtke contends he submitted post-hearing evidence to the Appeals Council that was erroneously omitted from the certified administrative record. Dkt. 11 at 7 n.1. The Court agrees this evidence is part of the record. The Court may consider new evidence submitted for the first time to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence. *See Ramirez v. Shalala*, 8 F.3d 1449,1451-52 (9th Cir. 1993), *see also Taylor v. Comm'r of Social Sec. Admin*. 659 F.3d 1228, 1232 (9th Cir. 2011).

However, having considered the new evidence, the Court concludes it does not compel remand. The ALJ issued his decision in October 2015. Tr. 47. The new evidence regards a new injury Mr. Hardtke suffered to his right ankle about December 2015 or January 2016, and thus is not evidence that undermines the ALJ's determination.

### 4. *Other Medical Evidence*

Mr. Hardtke's opening brief lists, seriatim, notations made by Mark Aversa, M.D., Felica Skelton, M.D., Ellika McGuire, M.D., Spencer Fodczik, PAC; James Gee, PAC; and Tyler Scheinost, D.P.M., and avers the ALJ's failure to properly evaluate all medical evidence is

harmful error. Dkt. 11 at 8. The Court rejects this conclusory statement. Mr. Hardtke cannot merely make a statement and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts. *See Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) *citing Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).

**B.     Mr. Hardtke's Testimony**

The ALJ discounted Mr. Hardtke's testimony on the grounds (1) the objective medical evidence and opinion evidence showed despite his impairments, he retained the ability to perform light work and simple, repetitive tasks, and was therefore not disabled; (2) he failed to report any symptoms to his treating provider at an examination near the time of his alleged onset of disability; (3) he was currently able to perform medium-level work on a part-time basis, and would be able to perform light work consistent with the RFC assessment, because it accommodated his limitations; (4) his work history includes an 18.5-year-long employment that ended for reasons unrelated to his impairments; and (5) his activities are consistent with an ability to perform light work. Tr. 37-40, 44-45. Mr. Hardtke arguesthe ALJ's reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court finds the ALJ provided several clear and convincing reasons to discount Mr. Hardtke's testimony. The ALJ cited numerous records related to Mr. Hardtke's physical and mental health, as well as opinion evidence regarding the same, indicating he did not have significant functional limitations and/or that he could perform work. Tr. 37-40. Hence, the ALJ did not cite objective evidence and medical opinions as failing to corroborate Mr. Hardtke's testimony, as Mr. Hardtke alleges, but as evidence that contradicted his testimony. This is a clear and convincing reason. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

The ALJ also noted Mr. Hardtke's alleged onset date did not correspond to an increase in symptoms, and that 10 days after his alleged onset he did not report any symptoms to his treating provider and the provider noted only Mr. Hardtke's elevated body mass index. Tr. 38 (citing Tr. 469-70). He told his provider he had been recently laid off from his job, and explained at the administrative hearing he was laid off along with many others for unspecified reasons. Tr. 59. These circumstances undermine Mr. Hardtke's allegation of disability, because they suggest he was unemployed at the time of his alleged onset for reasons unrelated to his impairments, and that his impairments were not causing disabling limitations at the time of his alleged onset. A person is disabled if they are unable to work based on his or her impairments, and the evidence cited by the ALJ undermines Mr. Hardtke's allegation of that he meets this definition beginning January 11, 2011. *See* Social Security Ruling 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work.").

Furthermore, the ALJ noted Mr. Hardtke continued to be able to perform a medium-level job at the time of the administrative hearing, and found the complaints he raised about this job and prior jobs and his explanation of why he could not perform those jobs full-time were accommodated in the RFC assessment, such that he could perform a job consistent with that assessment on a full-time basis. Tr. 44-45. Mr. Hardtke claims the ALJ merely speculated he could perform a light job on a full-time basis, but, on the contrary, the ALJ identified the specific reasons Mr. Hardtke provided as to why he could not perform his current job on a full-time basis or the other jobs he had performed in the past, and explained how he accounted for those allegations in the RFC assessment, consistent with the remainder of the record. *Id*. This reasoning is clear and convincing. *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) ("She was able to hold two previous jobs with a fair amount of success, and even if those particular jobs are, as she claims, too taxing for her, the vocational counselor testified that she is qualified for thousands of less strenuous jobs.").

The ALJ's suggestion Mr. Hardtke's daily activities are consistent with the ability to perform light work (Tr. 45), is erroneous because the ALJ did not identify any contradictions between Mr. Hardtke's allegations and his activities, and did not explain how the activities demonstrated transferable work skills. The ALJ accordingly erred. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). This error is harmless, however, because the ALJ gave other valid reasons that are not negated by the inclusion of this one improper reason. *See Carmickle*, 533 F.3d at 1162-63. The Court accordingly affirms the ALJ's decision to discount Mr. Hardtke's testimony.

**C.     Lay Testimony**

The ALJ noted Mr. Hardtke's friend, John Franklin Schultze, Tr. 357-64, indicated Mr. Hardtke has limited communication skills, a limp and difficulty standing for long periods or doing physical labor. Tr. 43. The ALJ also noted Mr. Hardtke's aunt, Linda Jensen, Tr. 365-72, indicated Mr. Hardteke had difficulty standing more than five hours and following and completing tasks. The ALJ found the lay testimony did not indicate limitations beyond those described in the RFC.[1] Tr. 43. In support, the ALJ found that neither lay witness described standing/walking limitations that exceeded the RFC assessment, and that although the lay witnesses indicate Mr. Hardtke has communication problems following directions, he has been able to work successfully without his employer noting problems with communication or task completion. *Id.*

Mr. Hardtke contends the ALJ erred in failing to provide a germane reason to discount these lay statements. *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996). He argues it is unclear whether his current job requires much communication, and unclear his project manager (who reported no on-the-job problems) was aware Mr. Hardtke works three 5-6 hour shifts per week with an hour break, or that he obtained the job through the Division of Vocational Rehabilitation. Dkt. 11 at 16. But Mr. Hardtke cites no evidence to support this argument, and it is thus speculative rather relevant evidence that the ALJ should have considered but missed. Even assuming Mr. Hardtke's interpretation of the evidence is reasonable, so is the

---

[1] Mr. Hardtke suggests the ALJ applied the incorrect legal standard in discounting the lay testimony. Dkt. 11 at 16. But the ALJ did not state a legal standard; instead, he indicated that some of the limitations the lay witnesses described are consistent with the RFC assessment, and some are inconsistent with Mr. Hardtke's work performance. Tr. 43. This is sufficient for reasoning to permit meaningful review by the Court. Mr. Hardtke cites no authority requiring an ALJ to also state the applicable legal standard to reject evidence, and thus fails to identify reversible error.

ALJ's interpretation. The Court therefore will not disturb the ALJ's determination. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld."). The Court in sum concludes the ALJ did not err in discounting the lay testimony. The ALJ accounted for the standing limitations set forth by the witnesses and also gave a germane reason to discount the lay testimony about Mr. Hardtke's problems communicating and completing work by pointing to contradictory evidence in the record. The Court accordingly affirms the ALJ's .

**D.     Step Five Findings**

Mr. Hardtke contends the ALJ erred at step-five. Because the ALJ erred in rejecting Dr. Langhofer's opinions, and the record must be developed further to assess the severity of Mr. Hardtke's mental or psychological limitations, the ALJ on remand shall reassess as appropriate, whether there are jobs at step-five that Mr. Hardtke can perform.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and the case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C § 405(g).

On remand the ALJ shall further develop the record regarding Mr. Hardtke's mental or psychological limitations as suggested by Dr. Linghofer. As appropriate, the ALJ shall assess whether Mr. Hardtke has additional or different severe mental impairments, whether Mr. Hardtke's impairments meet the Listings, and Mr. Hardtke's RFC; the ALJ shall also proceed to step-five as appropriate.

DATED this 22nd day of January, 2018.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge